UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: MARILYN HODGES                               CASE NO. 08-10024-DWH

MARILYN HODGES                                      PLAINTIFF

VERSUS                                              ADV. PROC. NO. 08-1036-DWH

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR MORGAN
STANLEY LOAN TRUST 2006-NC2                         DEFENDANT

OPINION

On consideration before the court are the competing motions for summary judgment filed by the defendant, Deutsche Bank National Trust Company as Trustee for Morgan Stanley Loan Trust 2006-NC2 ("Deutsche"), and by the plaintiff/debtor, Marilyn Hodges ("Hodges"); a response having been filed to Deutsche's motion for summary judgment by Hodges, but no response having been filed by Deutsche to Hodges' motion for summary judgment; and the court, having considered said motions, finds as follows, to-wit:

I.

The court has jurisdiction of the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A) and (O).

II.

Hodges initiated this adversary proceeding because of a dispute concerning a non-judicial foreclosure conducted by Emily Kaye Courteau, as substituted trustee under a deed of trust held

by Deutsche.

On November 14, 2005, Hodges executed a promissory note in the amount of $57,000.00 in favor of New Century Mortgage Corporation, which was secured by a deed of trust encumbering her residential real property. On November 16, 2005, New Century Mortgage Corporation assigned the deed of trust to Deutsche which substituted Emily Kaye Courteau as trustee. A non-judicial foreclosure proceeding was begun on November 27, 2007, as a result of Hodges' default. On that same day, Hodges was sent a letter via certified mail informing her that her loan debt had been accelerated and that a foreclosure proceeding had been commenced. The substituted trustee's notice of sale was published in the Northeast Mississippi Daily Journal, and the sale was allegedly conducted on January 3, 2008, at 11:43 a.m., in keeping with the notice. According to the statement of foreclosure sale, Natalie McMurray physically conducted the sale at the south door of the Lee County Justice Center. Karen Skadden signed the statement of foreclosure, verifying that the sale was held.

Hodges filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on January 3, 2008, at 3:37 p.m. CST.

III.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must examine each issue in a light most favorable to the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Phillips v. OKC Corp., 812 F.2d

265 (5th Cir. 1987); <u>Putman v. Insurance Co. of North America</u>, 673 F.Supp. 171 (N.D. Miss. 1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.29 265 (1986); <u>Leonard v. Dixie Well Service & Supply, Inc.</u>, 828 F.2d 291 (5th Cir. 1987), <u>Putman v. Insurance Co. of North America</u>, 673 F.Supp. 171 (N.D. Miss. 1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." <u>Phillips</u>, 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." <u>Phillips</u>, 812 F.2d at 272.

The court notes that it has the discretion to deny motions for summary judgment and allow parties to proceed to trial so that the record might be more fully developed for the trier of fact. <u>Kunin v. Feofanov</u>, 69 F.3d 59, 61 (5th Cir. 1995); <u>Black v. J.I. Case Co.</u>, 22 F.3d 568, 572 (5th Cir. 1994); <u>Veillon v. Exploration Services, Inc.</u>, 876 F.2d 1197, 1200 (5th Cir. 1989).

IV.

In her complaint, Hodges asserted that no actual foreclosure sale ever occurred, and, alternatively, if the sale did take place, it was procedurally defective. Clearly, if a sale was never held, an uncurable procedural defect exists. The other procedural defects raised by Hodges are set forth as follows:

1. The designated substituted trustee did not actually conduct the sale, and she did not have the authority to delegate this function to a third person.

2. The sale was not final until January 9, 2008, when the substituted trustee accepted it, and, therefore, the debtor's right to redeem was not extinguished until the sale was consummated.

3

3. The substituted trustee's agent was not authorized to make an absolute sale.

4. Since Deutsche was the foreclosing creditor and also the successful purchaser at the sale, Hodges contends that she is entitled to the difference between the sales price and the fair market value of the property.

To the contrary, Deutsche contends that the foreclosure sale did take place as set forth in McMurray's affidavit. Deutsche also affirmatively responded to each of the other alleged procedural defects.

The court has considered the respective positions of the parties and is of the opinion that there are factual issues in dispute which must be resolved by an evidentiary hearing. This would allow the parties to present testimony to demonstrate more conclusively the circumstances surrounding the foreclosure sale.

V.

Since the court is of the opinion that there are genuine issues of material fact in dispute, neither party is entitled to a judgment as a matter of law. As such, the motions for summary judgment are not well taken, and both will be overruled by a separate order to be entered contemporaneously herewith.

This the 8th day of October, 2008.

/s/ David W. Houston, III
DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE